IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| T4V2, LLC DBA CITY BASE VISTA APARTMENTS, § § § Plaintiff, § § v. § Case No. § LEXINGTON INSURANCE § COMPANY, § § Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, T4V2, LLC dba City Base Vista Apartments, (hereinafter referred to as "Plaintiff") by and through its attorneys of record, and files this complaint for damages caused by Lexington Insurance Company, (hereinafter referred to as "Defendant"). In support of such claims and causes of action, Plaintiff would respectfully show this Honorable Court as follows:

**INTRODUCTION**

1. Plaintiff sustained severe and increasing loss at its property because of a covered weather-related event i.e., hail, that occurred on April 23, 2021. In the aftermath, Plaintiff relied on its insurance company to help it recover and rebuild with respect to Policy Number 0062502343. (*See* Exhibit #1). However, contrary to Defendant's representations to Plaintiff, Defendant improperly adjusted Plaintiff's claim. Plaintiff did not receive the coverage it purchased and as such is now required to take legal action to ensure it receives what is owed to it.

1

## PARTIES

2. Plaintiff, T4V2, LLC dba City Base Vista Apartments, represented in the present case is located at 2566 Goliad Road, San Antonio, TX 78223, (hereinafter referred to as the "Property"). T4V2, LLC dba City Base Vista Apartments has the following members:

    a) Jerry Turner who resides at 8845 Cavell Street, Houston, TX 77055; and

    b) Sharon Turner who resides at 8845 Cavell Street, Houston, TX 77055.

3. Defendant, Lexington Insurance Company, located at 99 High Street, 23rd Floor, Boston, MA 02110 may be served by and through its registered agent, Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff purchased a general liability policy to insure its property through policy number 0062502343, wherein Defendant, in exchange for a yearly premium, agreed to cover any expenses incurred by Plaintiff in the course of restoring its property from damages covered under the insurance agreement. (Exhibit 1).

7. Plaintiff's property, 2566 Goliad Road, San Antonio, Texas ("Property") is an apartment complex that comprises three phases with a single-story office, four single-story laundry buildings, and 37 two-story apartment buildings. Also included are two swimming pools and

uncovered parking on a landscaped site.

8. On April 23, 2021, the Property was severely damaged as a result of a covered hail and wind event reporting 40mph wind speed. The hail and the wind caused significant damage to the roof structure and asphalt of the roof. Plaintiff inspected its property and immediately submitted its claim with Defendant, providing prompt notice of the damage.

9. On June 23, 2021, Bruce Wells from Crawford & Co. inspected the property. After his evaluation and review of the damage, Mr. Wells provided an undervalued estimate for the damages, totaling $8,185.34.

10. On September 22, 2021, Haag Engineering was retained by Crawford & Co. for the inspection and evaluation of the claim. Haag Engineering completed and submitted their report and improperly concluded that there was no hail-caused damage but contradictory to their own finding they confirmed that "Wind-caused damage to the laminated asphalt composition shingles included 212 field shingles, 12 ridge shingles, plus a 6' length of painted steel flashing 5" x 5" on a total of 13 buildings".

11. Plaintiff retained Heritage Construction & Consulting Services for an independent evaluation and estimate of the damage caused by this claim on January 6, 2022. As expected, the damage to the Property was significantly more than the prior reported damage by Crawford & Co. The new estimate for the complete repair to the Property totaled $594,161.75 and was immediately produced to Defendant for their review and evaluation. However, to date, Defendant has failed to respond and pay for this claim.

12. Plaintiff has to date made a timely and complete claim and cooperated in every aspect of the same. Plaintiff has also provided the documents which were repeatedly requested by Defendant. However, to date, Plaintiff has been denied the due coverage owed to it. This stands

in absolute contrast to the representation made by Defendant when the policy was purchased.

13. Defendant has a contractual obligation to pay the full amount of the covered loss, including the costs to repair, restore, and/or replace the damage to the Property less any applicable deductible. Defendant have underpaid Plaintiff's Property claim by undervaluing the cost of repairs to the Property.

14. Despite Defendant's failure to properly adjust the claim, the Policy unambiguously insures the covered loss and resulting damages.

15. As a result of Defendant's failure to adequately investigate Plaintiff's covered loss and failure to pay for all of the damages as required by its own insurance Policy, Plaintiff has been unable to repair all of her property.

16. Defendant's failure to properly adjust the claim and its refusal to pay for the true value of the covered loss to the Property has left Plaintiff with no choice but to hire its own professionals, incurring costs and expenses associated with proper evaluation and investigation of Plaintiff's covered loss.

17. The significant effect of Defendant's wrongful and unjustified delays and refusal to tender due and owing Policy proceeds and benefits is that Plaintiff detrimentally relied upon the contract of insurance they entered into with Defendant and remains without the benefit of the bargain.

18. As a result of Defendant's failure to honor its obligations and duties under the Policy, Plaintiff was forced to retain the services of legal counsel to protect her rights and remedies under the Policy and as an insured.

19. As of this date, Plaintiff has met and complied with all conditions precedent and duties under the subject insurance Policy, and all such conditions and duties have been waived by Defendant.

## CLAIMS AGAINST DEFENDANT

20. All acts by Defendant were undertaken and completed by their officers, agents, servants, employees, or representatives. Such was done with Defendant's full authorization or ratification and was completed in the normal and routine course and scope of employment by Defendant.

## BREACH OF CONTRACT

21. Plaintiff entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Texas and hereby incorporates by reference the allegations of paragraphs 1 through 20 above as though fully stated herein.

22. Defendant sold, in exchange for valuable consideration, the Policy, whereby Defendant agreed to insure, inter alia, the Property owned by Plaintiff.

23. Plaintiff fulfilled all of its obligations under the Policy, including the payment of certain premiums to secure insurance on its dwelling and personal Property.

24. Defendant's refusal to pay for the full value of the damages to the Property constitutes a breach of contract.

25. Due to Defendant's breach of the Policy, Plaintiff has suffered damages by way of unpaid insurance proceeds and benefits, has been forced to retain counsel, and further has been damaged by a sum to be determined at trial and final judgment.

26. Plaintiff's damages include, without limitation, actual damages, interest, and consequential damages, including without limitation, attorneys' fees, costs, resulting damages from required remediation, and other foreseeable costs and expenses as a result of Defendant's breach of contract.

27. The contract outlined obligations to be performed by both Plaintiff and Defendant, including but not limited to, Plaintiff paying Policy premiums for its insurance coverage, and Defendant then providing said coverage for claims in the event of covered damage.

28. Plaintiff fully performed its contractual obligations by making Policy premium payments and timely reporting covered losses upon its discovery, as required by the insurance contract with Defendant.

29. On the contrary, Defendant materially breached the contract by failing to provide adequate coverage following the underlying claim filed by Plaintiff. Moreover, despite filing a claim which notified Defendant of this loss, Plaintiff has yet to receive full compensation for its covered damages as required by the insurance contract purchased.

30. In addition to the above, Plaintiff has previously given notice pursuant to Chapter 38.001 of the Civil Practice and Remedies Code that it will seek all available attorney's fees, costs of court, penalties, and any additional remedies recoverable under Texas law.

## BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

31. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 30 above as though fully stated herein.

32. There is an implied covenant of good faith and fair dealing in the insurance contract between Defendant and Plaintiff.

33. Defendant has no reasonable basis for denying the benefits of the insurance policy, and Defendant knew of or recklessly disregarded, the lack of any such reasonable basis. The reckless indifference of Defendant to the facts or to the law can be inferred and imputed from its actions as specified in the facts above.

34. Defendant has, in violation of the covenant of good faith and fair dealing, hindered the timely resolution of Plaintiff's insurance claim.

35. Instead of working through the differences in the claim with Plaintiff or its representative, Defendant chose to retain someone else who would undervalue the damages in order to support Defendant's refusal to pay the full value of the damages to the Property.

36. Defendant's reckless indifference to the facts, evidence, and the proof submitted by Plaintiff amount to a breach of Defendant's fiduciary responsibility for good faith and fair dealing owed to Plaintiff, the insured.

37. As a direct and proximate result of Defendant's bad faith and/or its unfair Property and casualty settlement practices, Plaintiff has sustained compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, engineer's fees, costs, and expenses.

## **VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE**

38. Plaintiff incorporates by reference all facts and circumstances set forth within the above paragraphs.

39. Defendant's actions constitute certain violations of Chapter 542 of the Texas Insurance Code, as Plaintiff remains unpaid since the underlying covered event occurred.

40. Specifically, Defendant has violated Section 542.058 of Chapter 542 of the Texas Insurance Code, in failing to adhere to the statutorily prescribed deadlines in the handling, adjustment, and payment of insurance claims. Defendant has possessed all necessary information to pay this claim which is objectively deficient.

41. As a result of the above-referenced violations and acts committed by Defendant, and in accordance with Section 542.060 of the Texas Insurance Code, Defendant is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on said amount as damages.

The same is to be calculated each year, at the rate determined on the date of the judgment under governing Texas law. Plaintiff is further entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrue beginning on the date the claim was required to be paid.

42. As a result of Defendant's Texas Insurance Code violations, Plaintiff has also been forced to retain the legal services of the undersigned attorneys to protect and pursue the present claims on its behalf. Accordingly, Plaintiff also seeks to recover its court costs, reasonable and necessary attorneys' fees as permitted under governing Texas law, as well as any other such damages to which Plaintiff may be justly entitled.

## ATTORNEY FEES

43. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

44. A jury trial has been requested and the appropriate fee has been tendered.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it be awarded actual damages in excess of the minimum jurisdictional limits of this Court, pre-and post-judgment interest as allowed by law, costs of suit, attorney fees, all such additional relief specified within this Original Petition, and for all such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/Jacob S. Langley*
Jacob S. Langley
Georgia Bar No. 713053
ZERBE, MILLER, FINGERET, FRANK
& JADAV LLC
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Telephone: (713) 513-8152
Facsimile: (713) 350-3607
jlangley@zmflaw.com

**ATTORNEY FOR PLAINTIFF**